JO ANOS, Judge, dissenting.
The trial court entered a summary denial of Stinson’s motion to vacate, set aside or correct sentence on the basis that it was legally insufficient.
The allegations of the motion and the memorandum of law which was incorporated by reference concerning ineffective assistance of counsel did not contain mere conclusory allegations, which is often the case, but set forth in some detail acts or omissions which Stinson contended constituted ineffective assistance of counsel.
Stinson was convicted of trafficking in stolen property. His motion was filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. He specified the following alleged ineffective acts of counsel: failure to object to hearsay testimony offered by a police officer, failure to object to a question asked of the officer which was aimed at eliciting illegal comment on the defendant’s right to remain silent, failure to argue more than a generalized motion for judgment of acquittal at the close of the state’s case and thereby failing to preserve the issue for appeal, failure to make a motion for judgment of acquittal at the close of all the evidence and thereby failing to preserve the issue for appeal, failure to move for a mistrial when the arresting officer testified over objection as to items found in appellant’s automobile which were not the subject of the charge at issue in the case, and the failure to inquire into the criminal record or criminal charges pending against the state’s chief witness. Regarding the alleged comment on silence, Stinson asserted that the specific question put to the arresting officer was, “Well, did he ever say that he refused to talk to you?”, the answer being, “Well, not at that time, no.” Stinson urged that these acts constituted “a measurable deficiency below that of normal competent counsel” and when considered under the circumstances of the case caused substantial prejudice and affected the outcome.
Taking all of the specified acts together, I believe that appellant has set forth a sufficient showing as to his allegations of ineffective assistance of counsel to require the trial judge to consider the matter further. Under Rule 3.850, the matter should be remanded for the trial judge either to attach portions of the record which refute the allegations or conduct a hearing under the Rule to determine the merits of the motion. See Meeks v. State, 382 So.2d 673 (Fla.1980).